**THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br>Whitehall Trust, et al.,[1]<br><br>                    Debtors. | Chapter 11<br>Case No. 25-15241(PMM)<br><br>(Joint Administration Requested) |

**THIRD INTERIM ORDER (A) AUTHORIZING THE DEBTORS TO USE CASH
COLLATERAL OF EXISTING SECURED PARTY AND GRANTING ADEQUATE
PROTECTION FOR SUCH USE AND (B) PRESCRIBING THE FORM AND MANNER
OF NOTICE AND SETTING THE TIME FOR A FINAL HEARING**

This matter came before the Court on the motion (the "Motion")[2] of the above-captioned

debtors (the "Debtors") for interim and final orders pursuant to sections 105, 361 and 363 of title

11 of the United States Code (the "Bankruptcy Code") and Rules 4001 and 9014 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) authorizing the Debtors to use the

cash collateral of an existing secured party and granting adequate protection to the existing secured

party for the use of its cash collateral and (b) prescribing the form and manner of notice and setting

the time for the final hearing on the Motion.  Upon review of the Motion and the objections thereto

and based upon the evidence presented to this Court at the interim hearing (the "Interim Hearing")

on the Motion, the Court hereby makes the following findings of fact and

conclusions of law:

A.      Adequate and sufficient notice of the Motion and the Interim Hearing under the

circumstances has been provided to all persons entitled thereto pursuant to Bankruptcy Rules 2002

and 4001.  No further notice of the Motion is necessary and the Interim Hearing was held pursuant

to Bankruptcy Rule 4001(b)(2).

---

[1] The Debtors in these Chapter 11 Cases are: (i) Whitehall Trust; (ii) Saucon Trust; (iii) Whitehall Manor, Inc.
(5606); (iv) Saucon Valley Manor, Inc. (2894).

[2] Capitalized terms not defined herein shall have the meanings set forth in the Motion.

B.     This matter constitutes a "core proceeding" within the meaning of 28 U.S.C. § 157.

### The Debtors' Need to Use Cash Collateral

Solely for purposes of this Interim Order and without prejudice in all other respects, the Court finds that:

A.     The Debtors require use of the Cash Collateral, as well as any proceeds thereof, in which the Secured Party may assert liens and security interests in order to preserve the value of its business and assets and to avoid immediate and irreparable harm to the Debtors' estates and to meet their operating obligations pending a final hearing on the Motion (the "Final Hearing").  If the Debtors are unable to pay amounts that come due prior to the Final Hearing, they will not be able to continue to operate and provide much-needed services to their residents.

B.     Pursuant to sections 363(a) and 552(b) of the Bankruptcy Code, any Cash Collateral held by the Debtors as of the Petition Date may constitute "cash collateral" within the meaning of section 363(a) of the Bankruptcy Code.  The Secured Party asserts that it has an interest in the Cash Collateral within the meaning of sections 363(c)(2) and 363(e) of the Bankruptcy Code.

C.     The Debtors have an immediate need to use Cash Collateral on an interim basis through the date of the Final Hearing to, among other things, fund their obligations and pay other operating expenses that come due prior to the Final Hearing, in accordance with the Budget attached hereto as **Exhibit 1**, subject to an allowed disbursement variance of ten (10) percent per line item per week on a 4 week rolling basis.

#125469405v1

D.      Good cause has been shown for entry of this interim cash collateral order (the "Third Interim Order") as an immediate and critical need exists for the Debtors to be permitted access to funds to continue their operations.

E.      The record adequately demonstrates that without the use of such funds, the Debtors' estates would be immediately and irreparably harmed.

F.      The Debtors seek to use Cash Collateral existing on or after the Petition Date that may be subject to the Secured Party's liens, through the date of the Final Hearing solely for the purposes and in the amounts set forth in the Budget.

G.      The Debtors have offered, pursuant to sections 361 and 363(e) of the Bankruptcy Code, to provide to the Secured Party as adequate protection of its interests, if any, in the Cash Collateral against (i) any diminution in value from the use of the Cash Collateral and other collateral, and (ii) for the imposition of the automatic stay pursuant to section 362 of the Bankruptcy Code: (a) the continued, uninterrupted operation of the Debtors; and (b) the Replacement Liens (as defined herein).

H.      On January 27, 2026, the Court ordered Debtor Whitehall Manor to pay $35,000 per month to Lender as additional adequate protection of its interests and ordered Debtor Saucon Valley Manor to pay $35,000 per month to Lender as additional adequate protection.

I.      Subject to compliance with the terms of this Third Interim Order, the Debtors are authorized to use the Cash Collateral solely during the period from the date of this Third Interim Order through the Final Hearing and solely in the amounts set forth in the Budget.

J.      All conclusions of law that are or may be deemed to be findings of fact are hereby incorporated as findings of fact.

#125469405v1

K.      This Third Interim Order is entered pursuant to and shall be construed and be consistent with sections 361 and 363 of the Bankruptcy Code and Bankruptcy Rule 4001(b).

ACCORDINGLY, THE COURT HEREBY CONCLUDES THAT:

a.      Good cause has been shown for the entry of this Third Interim Order and the authorizations herein.  Among other things, the entry of this Third Interim Order pending the Third Interim or Final Hearing will enable the Debtors to continue operating, avoid immediate and irreparable harm to the Debtors' estates and otherwise is in the best interests of the Debtors, their creditors and their estates.

b.      The Objection raised by creditor Lehigh Valley 1, LLC ("Lehigh") that Debtors Whitehall Manor, Inc. and Saucon Valley Manor, Inc. are compelled to pay rent according to the terms of their leases and pursuant to 11 U.S.C. §365(d)(3) is hereby overruled.  Although Lehigh's request for affirmative relief was raised improperly in response to the Debtors' Motion, the Court has considered the merits of the Objection.

This Court agrees with the line of cases holding that a senior living facility does not meet the definition of "nonresidential real property" specified in §365(d)(3); therefore, the provision cited by Lehigh is not applicable here.  See In re Guardian Elder Care at Johnstown, LLC, 665 B.R. 270, 272 (Bankr. W.D. Pa. 2024); Alegre v. Michael H. Clement Corp., 446 B.R. 394 (N.D. Cal. 2011); In re Texas Health Enters., Inc., 255 B.R. 181 (Bankr. E.D. Tex. 2000).

c.      This Third Interim Order is immediately valid and fully effective upon its entry.

d.      All findings of fact that are or may be deemed to be conclusions of law are incorporated herein as conclusions of law.

**ACCORDINGLY, IT IS ORDERED**:

a. Pending expiration of this Third Interim Order, the Debtors are permitted to use Cash Collateral, solely in accordance with the Budget, including a variance of up

121225508_2

to ten (10) percent per week, per line item, on a four (4) week rolling basis, as needed, for the period from the date of the hearing on this Third Interim Order through the date of the Final Hearing, without setoff or recoupment by the Secured Party, for, among other things, working capital purposes, the payment of certain obligations in accordance with relief authorized by the Court and other obligations solely as set forth in the Budget. The Budget may be updated and modified through the date of the Final Hearing by: (i) consensual agreement between the Debtors and the Secured Party or (ii) further order of the Court.

b.  The Debtors shall be, and hereby are, authorized to use Cash Collateral on the terms and conditions set forth in this Third Interim Order in accordance with the Budget.

c.  The Debtors' right to use Cash Collateral under the Third Interim Order shall commence on the date of entry of the Third Interim Order and expire on the date of the Final Hearing. The Debtors shall not use Cash Collateral to challenge or otherwise contest the validity of the Secured Party's security interest.

d.  As adequate protection: (i) to protect the Secured Party's interest, if any, in the Cash Collateral and other collateral pursuant to sections 361 and 363(e) of the Bankruptcy Code, (ii) for any diminution in value from the use of the Cash Collateral and other collateral, and (iii) for the imposition of the automatic stay pursuant to section 362 of the Bankruptcy Code, the Court hereby grants the Secured Party replacement security interests in and replacement liens (exclusive of any avoidance actions available to the Debtor's estates pursuant to sections 544, 545, 547, 548, 549, 550, 553(b) or 724(a) of the Bankruptcy Code or any proceeds thereof) on all of the Debtor's real property, including the land, improvements, equipment, personal property, rents, profits and other attributes

121225508_2

consistent with the Whitehall and Saucon Mortgages, whether such property was acquired before or after the Petition Date (the "Replacement Liens").

e. Such Replacement Liens shall be equal to the aggregate diminution in value, if any, after the Petition Date of the Cash Collateral and other collateral. The Replacement Liens shall be of the same extent, validity and priority as the liens of the Secured Party on the prepetition Cash Collateral and other collateral.

f. Subject to the foregoing paragraph, the Replacement Liens shall constitute valid and duly perfected security interests and liens as of the Petition Date. The Secured Party shall not be required to file or serve financing statements, notices of lien or similar interests which otherwise may be required under federal or state law in any jurisdiction, or take any action, including taking possession, to validate and perfect such Replacement Liens.

g. The Replacement Liens shall be subject and subordinate solely to fees payable to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6) and the Clerk of the Bankruptcy.

h. The Debtors are also directed to make adequate protection payments in the aggregate amount of $70,000 per month, $35,000 from Debtor Whitehall Manor and $35,000 from Debtor Saucon Valley Manor, during the term of this Order. During this interim period, such adequate protection payments shall be made by the 13th day of each month.

i. The Debtors are directed to keep their books and records of original entry current and updated, so that all business activity is posted to them in the ordinary course of the Debtors' businesses. The Debtors shall provide to the Secured Party any reports of operations required to be provided by the prepetition agreements at thesame time and in the same manner as set forth therein. In addition, the Debtors have agreed to and

121225508_2

will provide the Lender with a weekly report of payments made and income received over the prior week, with a monthly reconciliation of actual income and expenses compared to budgeted income and expenses. The

weekly report will be provided on or before Wednesday of the following week and the monthly reconciliation by the 10th day of the following month.

j.   The Debtors shall promptly serve, by email, facsimile or overnight delivery, a copy of this Third Interim Order upon the parties having been given notice of the Third Interim Hearing and, any other party that has filed a request for notices with this Court.

k.   The Final Hearing to consider the entry of a further order authorizing and approving use of Cash Collateral and providing adequate protection is hereby scheduled for **March 24, 2026, at 11:00 a.m.** in the United States Bankruptcy Court, Gateway Building, Fourth Floor Courtroom, 201 Penn St., Reading, PA  19601.

l.   Any party in interest objecting to the relief sought at the Final Hearing shall serve and file a written objection upon the following parties: (a) counsel for the Debtors, Lawrence McMichael, Dilworth Paxson LLP, 1650 Market St., Suite 1200, Philadelphia, PA 19103; (b) the Office of the United States Trustee for the Eastern District of Pennsylvania, Robert C. Nix Federal Courthouse, 900 Market St., Suite 320, Philadelphia, PA 19107; and (c) Lehigh Valley 1, LLC, Hangley Aronchick Segal Pudlin & Schiller, One Logan Square, 27th Floor, Philadelphia, PA 19103. All objections to the entry of such Final Order shall be filed with the Clerk of the United States Bankruptcy Court, Eastern District of Pennsylvania, in each case to allow actual receipt by the foregoing notice parties no later than March  14,  2026, at  4:00  p.m.  (prevailing  Eastern  Time)  (the  "Objection

121225508_2

Deadline").

    m.  This Initial Interim Order shall be fully effective upon its entry.

SO ORDERED this 26th day of February, 2026.

*Patricia M. Mayer*

_____

Honorable Patricia M. Mayer
United States Bankruptcy Judge

121225508_2

**<u>Exhibit 1 (to Third Interim Order)</u>**

[Budget]

121225508_2

4:36 PM
12/12/14
Accrual Basis

**Saucon Valley Manor**
**Profit Loss**

| CASH RECEIPTS & DISBURSEMENTS          13 WEEKS FORECAST | Week of Feb 28, 26 | Week of Mar 7, 26 | Week of Mar 14, 26 | Week of Mar 21 26 | Week of Mar 28 26 | Week of Apr 4 26 | Week of Apr 11 26 | Week of Apr 18 26 |
|---|---|---|---|---|---|---|---|---|
| Cash Beginning Balance | 505,228.65 | 582,242.77 | 667,413.11 | 716,713.11 | 491,788.45 | 585,098.45 | 667,267.95 | 756,967.95 |
| INCOME | 240,000.00 | 410,000.00 | 150,000.00 | 76,000.00 | 244,000.00 | 410,000.00 | 150,000.00 | 75,000.00 |
| Intercompany reimbursements | 15,120.00 | 0.00 | 0.00 | 0.00 | 15,120.00 | 0.00 | 0.00 | 0.00 |
| Intercompany reimbursements- employees | 11,500.00 | 325.84 | 0.00 | 325.84 | 28,300.00 | 325.00 | 0.00 | 325.00 |
| Disbursements | 189,605.88 | 325,155.50 | 100,700.00 | 301,250.50 | 194,110.00 | 328,155.50 | 60,300.00 | 338,650.50 |
| **Ending Cash Balance** | 582,242.77 | 667,413.11 | 716,713.11 | 491,788.45 | 585,098.45 ### | 667,267.95 | 756,967.95 | 493,642.45 |
| | | | | | | | | |
| Expense | | | | | | | | |
| DIETARY | 20,725.00 | 21,100.50 | 17,500.00 | 21,100.50 | 18,325.00 | 18,700.50 | 17,500.00 | 21,100.50 |
| REFUNDS | 38,250.00 | 0.00 | 0.00 | 0.00 | 38,250.00 | 0.00 | 0.00 | 0.00 |
| SUPPLIES | 0.00 | 5,500.00 | 5,500.00 | 5,500.00 | 5,500.00 | 5,500.00 | 5,500.00 | 5,500.00 |
| MAINTENANCE | 3,500.00 | 4,000.00 | 4,000.00 | 4,000.00 | 4,000.00 | 4,000.00 | 4,000.00 | 4,000.00 |
| UTILITIES | 4,000.00 | 15,000.00 | 23,250.00 | 0.00 | 14,000.00 | 18,000.00 | 20,250.00 | 0.00 |
| PAYROLL & BENEFITS | 0.00 | 260,000.00 | 0.00 | 260,000.00 | 0.00 | 260,000.00 | 0.00 | 260,000.00 |
| OFFICE & MARKETING EXPENSES | 10,750.00 | 6,650.00 | 6,650.00 | 6,650.00 | 9,650.00 | 6,650.00 | 6,650.00 | 6,650.00 |
| REAL ESTATE TAXES & INSURANCE | 64,700.00 | 8,205.00 | 0.00 | 0.00 | 66,200.00 | 8,205.00 | 0.00 | 0.00 |
| EQUIPMENT | 4,085.00 | 0.00 | 0.00 | 0.00 | 4,085.00 | 0.00 | 0.00 | 0.00 |
| US TRUSTEE QUARTERLY FEES | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| DILWORTH PAXSON/Committee Counsel | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Omni | 7,500.00 | 0.00 | 0.00 | 0.00 | 7,500.00 | 0.00 | 0.00 | 0.00 |
| ADEQUATE PROTECTION | 0.00 | 0.00 | 35,000.00 | 0.00 | 0.00 | 0.00 | 0.00 | 35,000.00 |
| LEGAL/PROFESSIONAL FEES | 7,500.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 |
| MANAGEMENT FEE | 21,995.88 | 0.00 | 0.00 | 0.00 | 22,000.00 | 0.00 | 0.00 | 0.00 |
| MISCELLANEOUS | 6,600.00 | 2,700.00 | 6,800.00 | 2,000.00 | 2,600.00 | 5,100.00 | 4,400.00 | 4,400.00 |
| **Total Expense** | 189,605.88 | 325,155.50 | 100,700.00 | 301,250.50 | 194,110.00 | 328,155.50 | 60,300.00 | 338,650.50 |

Page 1 of 4

4:36 PM
12/12/14
Accrual Basis

**Saucon Valley Manor**
**Profit Loss**

| CASH RECEIPTS & DISBURSEMENTS FORECAST | 13 WEEKS | Week of Apr 25 26 | Week of May 2 26 | Week of May 9 26 | Week of May 16 26 | Week of May 23 26 | TOTAL |
|---|---|---|---|---|---|---|---|
| Cash Beginning Balance | | 493,642.45 | 513,052.45 | 595,221.95 | 689,921.95 | 426,596.45 | 556,506.45 |
| INCOME | | 245,000.00 | 410,000.00 | 151,000.00 | 75,000.00 | 244,000.00 | 2,880,000.00 |
| Intercompany reimbursements | | 15,120.00 | 0.00 | 0.00 | 0.00 | 15,120.00 | 60,480.00 |
| Intercompany reimbursements- employees | | 28,300.00 | 325.00 | 0.00 | 325.00 | 28,300.00 | 98,351.68 |
| Disbursements | | 269,010.00 | 328,155.50 | 56,300.00 | 338,650.50 | 157,510.00 | 2,987,553.88 |
| Ending Cash Balance | | 513,052.45 | 595,221.95 | 689,921.95 | 426,596.45 | 556,506.45 | 607,784.25 |
| | | | | | | | |
| Expense | | | | | | | |
| DIETARY | | 18,325.00 | 18,700.50 | 17,500.00 | 21,100.50 | 18,325.00 | 250,003.00 |
| REFUNDS | | 38,250.00 | 0.00 | 0.00 | 0.00 | 38,250.00 | 153,000.00 |
| SUPPLIES | | 5,500.00 | 5,500.00 | 5,500.00 | 5,500.00 | 5,500.00 | 66,000.00 |
| MAINTENANCE | | 4,000.00 | 4,000.00 | 4,000.00 | 4,000.00 | 4,000.00 | 51,500.00 |
| UTILITIES | | 14,000.00 | 18,000.00 | 16,250.00 | 0.00 | 0.00 | 142,750.00 |
| PAYROLL & BENEFITS | | 0.00 | 260,000.00 | 0.00 | 260,000.00 | 0.00 | 1,560,000.00 |
| OFFICE & MARKETING EXPENSES | | 9,650.00 | 6,650.00 | 6,650.00 | 6,650.00 | 9,650.00 | 99,550.00 |
| REAL ESTATE TAXES & INSURANCE | | 66,200.00 | 8,205.00 | 0.00 | 0.00 | 66,200.00 | 287,915.00 |
| EQUIPMENT | | 4,085.00 | 0.00 | 0.00 | 0.00 | 4,085.00 | 16,340.00 |
| US TRUSTEE QUARTERLY FEES | | 500.00 | 0.00 | 0.00 | 0.00 | 0.00 | 500.00 |
| DILWORTH PAXSON/Committee Counsel | | 75,000.00 | 0.00 | 0.00 | 0.00 | 0.00 | 75,000.00 |
| Omni | | 7,500.00 | 0.00 | 0.00 | 0.00 | 7,500.00 | 30,000.00 |
| ADEQUATE PROTECTION | | 0.00 | 0.00 | 0.00 | 35,000.00 | 0.00 | 105,000.00 |
| LEGAL/PROFESSIONAL FEES | | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 31,500.00 |
| MANAGEMENT FEE | | 22,000.00 | 0.00 | 0.00 | 0.00 | 0.00 | 65,995.88 |
| MISCELLANEOUS | | 2,000.00 | 5,100.00 | 4,400.00 | 4,400.00 | 2,000.00 | 52,500.00 |
| Total Expense | | 269,010.00 | 328,155.50 | 56,300.00 | 338,650.50 | 157,510.00 | 2,987,553.88 |

4:36 PM
12/12/14
Accrual Basis

**Whitehall Manor**
**Profit Loss**

| CASH RECEIPTS & DISBURSEMENTS 13 WEEKS FORECAST | Week of Feb 28, 26 | Week of Mar 7, 26 | Week of Mar 14, 26 | Week of Mar 21 26 | Week of Mar 28 26 | Week of Apr 4 26 | Week of Apr 11 26 | Week of Apr 18 26 |
|---|---|---|---|---|---|---|---|---|
| **Cash Beginning Balance** | 156,644.27 | 242,994.97 | 241,773.97 | 288,573.97 | 146,073.97 | 254,458.97 | 258,238.97 | 345,038.97 |
| INCOME | 204,500.00 | 179,500.00 | 137,000.00 | 44,000.00 | 209,500.00 | 184,500.00 | 142,000.00 | 44,000.00 |
| Intercompany reimbursements | 6,850.00 | 0.00 | 0.00 | 0.00 | 6,850.00 | 0.00 | 0.00 | 0.00 |
| Intercompany reimbursements- employees | 0.00 | 0.00 | 0.00 | 0.00 | 20,000.00 | 0.00 | 0.00 | 0.00 |
| Disbursements | 124,999.30 | 180,721.00 | 90,200.00 | 186,500.00 | 127,965.00 | 180,720.00 | 55,200.00 | 221,500.00 |
| **Ending Cash Balance** | 242,994.97 | 241,773.97 | 288,573.97 | 146,073.97 | 254,458.97 | 258,238.97 | 345,038.97 | 167,538.97 |
| | | | | | | | | |
| **Expense** | | | | | | | | |
| DIETARY | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| SUPPLIES | 3,500.00 | 5,500.00 | 5,500.00 | 5,500.00 | 5,500.00 | 5,500.00 | 5,500.00 | 5,500.00 |
| REFUNDS | 12,000.00 | 0.00 | 0.00 | 0.00 | 12,000.00 | 0.00 | 0.00 | 0.00 |
| MAINTENANCE | 4,000.00 | 0.00 | 2,500.00 | 0.00 | 2,500.00 | 0.00 | 2,500.00 | 0.00 |
| UTILITIES | 2,800.00 | 0.00 | 18,300.00 | 14,000.00 | 2,800.00 | 0.00 | 18,300.00 | 14,000.00 |
| PAYROLL & BENEFITS | 0.00 | 140,000.00 | 0.00 | 140,000.00 | 7,200.00 | 140,000.00 | 0.00 | 140,000.00 |
| OFFICE & MARKETING EXPENSES | 5,750.00 | 5,000.00 | 5,000.00 | 5,000.00 | 8,500.00 | 5,000.00 | 5,000.00 | 5,000.00 |
| REAL ESTATE TAXES & INSURANCE | 40,500.00 | 7,171.00 | 0.00 | 0.00 | 41,500.00 | 7,170.00 | 0.00 | 0.00 |
| EQUIPMENT | 3,015.00 | 0.00 | 0.00 | 0.00 | 3,015.00 | 0.00 | 0.00 | 0.00 |
| US TRUSTEE QUARTERLY FEES | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| DILWORTH PAXSON/Committee Counsel | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Omni | 7,500.00 | 0.00 | 0.00 | 0.00 | 7,500.00 | 0.00 | 0.00 | 0.00 |
| ADEQUATE PROTECTION | 0.00 | 0.00 | 35,000.00 | 0.00 | 0.00 | 0.00 | 0.00 | 35,000.00 |
| LEGAL/PROFESSIONAL FEES | 10,000.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 |
| MANAGEMENT FEE | 14,634.30 | 0.00 | 0.00 | 0.00 | 14,250.00 | 0.00 | 0.00 | 0.00 |
| Miscellaneous | 6,300.00 | 5,550.00 | 6,400.00 | 4,500.00 | 5,700.00 | 5,550.00 | 6,400.00 | 4,500.00 |
| **Total Expense** | 124,999.30 | 180,721.00 | 90,200.00 | 186,500.00 | 127,965.00 | 180,720.00 | 55,200.00 | 221,500.00 |

4:36 PM
12/12/14
Accrual Basis

**Whitehall Manor**
**Profit Loss**

| CASH RECEIPTS & DISBURSEMENTS 13 WEEKS FORECAST | Week of Apr 25 26 | Week of May 2 26 | Week of May 9 26 | Week of May 16 26 | Week of May 23 26 | TOTAL |
|---|---|---|---|---|---|---|
| **Cash Beginning Balance** | 167,538.97 | 200,673.97 | 344,453.97 | 307,553.97 | 258,753.97 | 227,138.97 |
| INCOME | 209,500.00 | 184,500.00 | 147,000.00 | 44,000.00 | 209,500.00 | 1,939,500.00 |
| Intercompany reimbursements | 6,850.00 | 0.00 | 0.00 | 0.00 | 6,850.00 | 27,400.00 |
| Intercompany reimbursements- employees | 20,000.00 | 0.00 | 0.00 | 0.00 | 20,000.00 | 60,000.00 |
| Disbursements | 203,215.00 | 40,720.00 | 183,900.00 | 92,800.00 | 267,965.00 | 1,956,405.30 |
| **Ending Cash Balance** | 200,673.97 | 344,453.97 | 307,553.97 | 258,753.97 | 227,138.97 | 297,633.67 |
| | | | | | | |
| **Expense** | | | | | | |
| DIETARY | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 195,000.00 |
| SUPPLIES | 5,500.00 | 5,500.00 | 5,500.00 | 5,500.00 | 5,500.00 | 69,500.00 |
| REFUNDS | 12,000.00 | 0.00 | 0.00 | 0.00 | 12,000.00 | 48,000.00 |
| MAINTENANCE | 2,500.00 | 0.00 | 2,500.00 | 0.00 | 2,500.00 | 19,000.00 |
| UTILITIES | 2,800.00 | 0.00 | 7,000.00 | 25,300.00 | 2,800.00 | 108,100.00 |
| PAYROLL & BENEFITS | 7,200.00 | 0.00 | 140,000.00 | 0.00 | 147,200.00 | 861,600.00 |
| OFFICE & MARKETING EXPENSES | 8,500.00 | 5,000.00 | 5,000.00 | 5,000.00 | 8,500.00 | 76,250.00 |
| REAL ESTATE TAXES & INSURANCE | 41,500.00 | 7,170.00 | 0.00 | 0.00 | 41,500.00 | 186,511.00 |
| EQUIPMENT | 3,015.00 | 0.00 | 0.00 | 0.00 | 3,015.00 | 12,060.00 |
| US TRUSTEE QUARTERLY FEES | 500.00 | 0.00 | 0.00 | 0.00 | 0.00 | 500.00 |
| DILWORTH PAXSON/Committee Counsel | 75,000.00 | 0.00 | 0.00 | 0.00 | 0.00 | 75,000.00 |
| Omni | 7,500.00 | 0.00 | 0.00 | 0.00 | 7,500.00 | 30,000.00 |
| ADEQUATE PROTECTION | 0.00 | 0.00 | 0.00 | 35,000.00 | 0.00 | 105,000.00 |
| LEGAL/PROFESSIONAL FEES | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 2,500.00 | 40,000.00 |
| MANAGEMENT FEE | 14,000.00 | 0.00 | 0.00 | 0.00 | 14,250.00 | 57,134.30 |
| Miscellaneous | 5,700.00 | 5,550.00 | 6,400.00 | 4,500.00 | 5,700.00 | 72,750.00 |
| **Total Expense** | 203,215.00 | 40,720.00 | 183,900.00 | 92,800.00 | 267,965.00 | 1,956,405.30 |