**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re: Whitehall Manor, et al.,** | : | **Chapter 11** |
| | : | |
| **Debtors.** | : | **Bky.  No. 25-15245 (PMM)** |
| | : | |
| | : | **Jointly Administered** |
| | : | |

## ORDER

AND NOW, upon consideration of the Debtor's Motion for Release of Funds (doc. #33, the "Motion"), creditor Lehigh Valley 1, LLC's Objection thereto (doc. # 34), the Debtor's Response (doc. #35), and the parties supporting Briefs (doc. #'s 36, 37), it is hereby **ordered** that:

1) The Motion is **denied**; *

2) The Debtors are not entitled to use the Funds (as defined in the Endnote);

3) The Funds must be returned by Dilworth Paxson, LLP to the Receiver (as defined in the Endnote) on or before **April 27, 2026**.

Date: 4/6/26

_____
**PATRICIA M. MAYER**
**U.S. BANKRUPTCY JUDGE**

## * E N D   N O T E

Debtors Whitehall Manor, Inc. ("Whitehall") and Saucon Valley Manor, Inc. ("SVM," together with Whitehall, the "Manors") lease property from Whitehall Trust and Saucon Trust (the "Trusts"). The Manors, in turn, lease space to Good Shepard ("GS"), a company which provides on-site physical therapy to residents of the Manors. GS pays rent of $5,266.96 to SVM and $4,729.00 to Whitehall. Doc. #36, Ex. A.

Lehigh Valley I LLC ("Lehigh") currently holds mortgages on the property owned by the Trusts. Lehigh has an interest in all rents and accounts receivable collected by the Debtors. Doc. #41 in case 25-15241, Exs. D and E. As part of the foreclosure actions instituted by Lehigh against the Trusts in state court, Lehigh sought and obtained the appointment of a receiver. On May 2, 2025, Erin Duffy, Esq. was appointed by the state court (the "Receiver"). The Receiver has the power, *inter alia*, to "demand, collect and receive [] rents." Doc.35, Ex. B. Although the Manors were not parties to the foreclosure, the Receiver sought enforcement against these entities.

On October 31, 2025, pursuant to paragraph 6(a) of the order appointing the Receiver (doc. #35, Ex. B) the Receiver sent a letter to GS "demand[ing] turnover of ongoing rents" associated with Good Shepard's tenancy at the Manor. Doc. #35, Ex.C (the "Direction Letter"). The Direction Letter further informed Good Shepard that it must "on a go-forward basis, **make payments due under the Lease directly to the Receiver** . . ." rather than to the Manors. Id. (emphasis in original).

On December 19, 2025, an Order was entered by Judge Henry in an action between Lehigh and the Trusts pending in the District Court in the Eastern District of Pennsylvania (doc. #34, Ex. A, the "District Court Order"). The District Court Order issued sanctions against the Trusts and

1

their principal and directed Good Shepard to turn over its rent from October 31, 2025 forward to

the Receiver.  The District Court Order provided that:

> On or before December 29, 2025 . . . Whitehall Manor, Inc. and Saucon Valley Manor, Inc.
> **are directed to turn over to Receiver any rental payments received from October 31,**
> **2025** . . . Whitehall Manor, Inc. and Saucon Valley Manor, Inc. are restrained from
> interfering with Receiver's efforts to collect rent . . . or income of any sort from any and all
> occupants of the Properties. . . .

District Court Order at ¶¶6-7 (emphasis added).

On December 26, 2025, the Trusts and the Manors filed for bankruptcy protection; the

Trusts' cases were dismissed by Opinion and Order on March 19, 2026.  The Manors' cases

remain open.

On December 28, 2025 (post-petition), Good Shepard turned over its October, November,

and December rents to the Receiver in the total amount of $25,258.88 (the "Funds"). Motion at 5.

On January 8, 2026, by agreement, the Funds were transferred to a trust account at the Dilworth

Paxson, LLP, Debtors' counsel.

The Motion seeks authority for the Debtors to use the Funds.

*     *     *     *

The Debtors do not dispute that Lehigh, via the Receiver, had a right to GS's rent pre-

petition.  Rather, they argue that retention of the Funds post-petition is a violation of the

automatic stay and prevents effective administration of the estates. The Receiver is a

"custodian" subject to turnover pursuant to 11 U.S.C. §543 and failed to file a motion to excuse

under §543(d).  Despite the District Court Order, the Debtors assert that they maintain a legal

and equitable interest in the Funds because §1334(d) provides exclusive jurisdiction to a

Bankruptcy Court over debtor's property.  The Funds are, according to the Debtors, property of

2

the Manors' estates. Finally, the Debtors maintain that collateral estoppel and or res judicata with regard to the District Court decision do not preclude turnover of the Funds.

Lehigh, on the other hand, argues that the Funds are not property of the estate and, therefore, are not subject to turnover under section 543. Lehigh claims that the Receiver obtained constructive possession of the rents by sending the Direction Letter. Further, the District Court Order is preclusive; the Manors participated and were represented in the process.

*     *     *     *

The Court agrees with the secured lender and, therefore, the Motion will be denied. The Funds do not belong to the Manors' bankruptcy estates and must be returned to the Receiver. This is so for at least three (3) reasons.

First, at the time the Funds were distributed, the Receiver maintained a right to collect rent from the Debtors' tenants. This right derives not only from the loan documents, but also from the October 31, 2025 Direction Letter. The Direction Letter provided the Receiver with constructive possession and a present right to receive rents. Case law supports this conclusion. In re 400 Walnut Assocs. LP, 454 B.R. 601, 608 (Bankr. E.D. Pa. 2011)("A mortgagee can obtain 'possession' of realty and consequently obtain a present right to receive rents in two ways: (1) by entering into 'actual possession' of the real estate through foreclosure or acting as a mortgagee in possession; or (2) by taking 'constructive possession' of the realty by serving demand notices on the mortgagor's tenants."); In re Se Side Co., Ltd., 152 B.R. 878, 883 (E.D. Pa. 1993) (the right to receive rents, even when the mortgage contains an assignment provision, is gained by constructive possession through demand notice served on the mortgagor's tenants); Com. Bank v. Mountain View Vill., Inc., 5 F.3d 34, 38 (3d Cir. 1993) (mortgagee may enforce

3

after default by making demand on the tenants for the rent).

In Sovereign Bank v. Schwab, 414 F.3d 450, 453 (3d Cir. 2005), the Third Circuit made clear that this law applies even once a receiver has been appointed. When a secured lender exercises its rights to collect rent by providing notice that rents are assigned to it, the fact that a receiver collects the rent on behalf of the lender does not make a difference. The lender holds title to the rent.

The Debtors attempt to distinguish this controlling law by pointing out that the debtors in those cases were mortgagors rather than tenants. Brief at 12. This is a distinction without a difference, and the Debtors fail to cite any law contrary to the authority discussed.

Second, because the lender who exercises its rights holds title to the rent, the Funds are not property of the estate. Sovereign Bank v. Schwab, 414 F.3d 450, 454 (3d Cir. 2005). As a result, the Debtors' assertion regarding 11 U.S.C. § 543 turnover is incorrect. Id. at 454 (stating that the section 543 requirement is only triggered if the property belongs to the estate).

Third, the Debtors' argument that the District Court Order directing payment to the Receiver does not serve as collateral estoppel or res judicata is at best misplaced and at worst frivolous. The Debtors assert that the issue before this court was not litigated in District Court and, therefore, that "this Court can determine [that the Funds are] estate property subject to turnover. . ." Doc. #35 at 11; see also Id. at 12 ("there is no risk of retrying the same action adjudicated by the district court because there was no final judgment").  The Debtors therefore assert that granting the Motion and allowing the Funds to be used by them will not conflict with the District Court's Order, which specifically directs the opposite.

Because the Court has determined, for the reasons just discussed, that the Funds are not

property of the estate, the question of whether collateral estoppel or res judicata precludes this determination is not relevant. In other words, assuming *arguendo,* that the Debtors are correct and that this matter may proceed despite the existence of the District Court Order, the Motion would still be meritless.

However, it is worth pausing to consider that the District Court Order specified that "[o]n or before December 29, 2025 . . . Whitehall Manor, Inc. and Saucon Valley Manor, Inc. are directed to turn over to Receiver any rental payments received from October 31, 2025." District Court Order at ¶6. The fact that this Court may not be precluded from making a separate determination with regard to whether the Funds are property of the estate does not mean, as the Debtors indicate, that the District Court Order may be flouted. The Debtors cite no law for the proposition that a Bankruptcy Court can ignore or overturn a relevant District Court Order and this Court certainly has no appetite to do so.

For all these reasons, the Motion will be denied.