**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| WHITEHALL Manor, | : | Case No. 25-15245 (PMM) |
| *Debtor.* | : | (Jointly Administered) |
| | : | |

**SECURED CREDITOR LEHIGH VALLEY 1, LLC'S FIFTH
OBJECTION TO DEBTORS' CASH COLLATERAL MOTION**

Secured Creditor Lehigh Valley 1, LLC ("Lender") objects to the Motion for

(1) Interim and Final Orders (A) Authorizing Debtors to Use Cash Collateral of Existing

Secured Party and Granting Adequate Protection for Use and (B) Prescribing Form and

Manner of Notice and Setting the Time for the Final Hearing and (2) Expedited Hearing

on the Relief Sought Herein (ECF 17 (Case No. 25-15241), the "Cash Collateral Motion"),

filed by Whitehall Trust, Saucon Trust, Whitehall Manor, Inc., and Saucon Valley Manor,

Inc. (collectively, the "Debtors"). In support of this objection, Lender further states as

follows:

1.      Lender previously filed the following objections to the Cash Collateral

Motion (collectively, the "Prior Objections"):

- First Objection of Secured Creditor Lehigh Valley 1, LLC to Motion for (1) Interim and Final Orders (A) Authorizing Debtors to Use Cash Collateral of Existing Secured Party and Granting Adequate Protection for Use and (B) Prescribing Form and Manner of Notice and Setting the Time for the Final Hearing and (2) Expedited Hearing on the Relief Sought Herein (ECF 41 (Case No. 25-15241), the "First Cash Collateral Objection");[1]

- Second Objection of Secured Creditor Lehigh Valley 1, LLC to Motion for (1) Interim and Final Orders (A) Authorizing Debtors to Use Cash Collateral of Existing Secured Party and Granting Adequate Protection for Use and

---

[1]    Capitalized terms used but not defined herein are used with the meaning set forth in the First Cash Collateral Objection.

(B) Prescribing Form and Manner of Notice and Setting the Time for the Final Hearing and (2) Expedited Hearing on the Relief Sought Herein (ECF 105 (Case No. 25-15241), "Second Cash Collateral Objection");

- Supplemental Objection to Debtors' Cash Collateral Motion and Lender's Cross-Motion for Sanctions (ECF 119 (Case No. 25-15241));

- Third Objection of Secured Creditor Lehigh Valley 1, LLC to Motion for (1) Interim and Final Orders (A) Authorizing Debtors to Use Cash Collateral of Existing Secured Party and Granting Adequate Protection for Use and (B) Prescribing Form and Manner of Notice and Setting the Time for the Final Hearing and (2) Expedited Hearing on the Relief Sought Herein (ECF 206 (Case No. 25-15241), "Third Cash Collateral Objection"); and

- Fourth Objection of Secured Creditor Lehigh Valley 1, LLC to Motion for (1) Interim and Final Orders (A) Authorizing Debtors to Use Cash Collateral of Existing Secured Party and Granting Adequate Protection for Use and (B) Prescribing Form and Manner of Notice and Setting the Time for the Final Hearing and (2) Expedited Hearing on the Relief Sought Herein (ECF 262 (Case No. 25-15241), "Fourth Cash Collateral Objection").

2. The Lender incorporates each of the Prior Objections herein by reference as if set forth in full.

3. This Court has now entered three interim orders authorizing the Debtors to use cash collateral on a temporary basis:

- The Interim Order (A) Authorizing the Debtors to Use Cash Collateral of Existing Secured Party and Granting Adequate Protection for Such Use and (B) Prescribing the Form and Manner of Notice and Setting the Time for a Final Hearing (ECF 81 (Case No. 25-15241), the "First Interim Order");

- The Second Interim Order (A) Authorizing the Debtors to Use Cash Collateral of Existing Secured Party and Granting Adequate Protection for Such Use and (B) Prescribing the Form and Manner of Notice and Setting the Time for a Final Hearing (ECF 189 (Case No. 25-15241), the "Second Interim Order");

- Third Interim Order (A) Authorizing the Debtors to Use Cash Collateral of Existing Secured Party and Granting Adequate Protection for Such Use and

(B) Prescribing the Form and Manner of Notice and Setting the Time For a Final Hearing (ECF 32 the "Third Interim Order"); and

- Fourth Interim Order (A) Authorizing the Debtors to Use Cash Collateral of Existing Secured Party and Granting Adequate Protection for Such Use and (B) Prescribing the Form and Manner of Notice and Setting the Time For a Final Hearing (ECF 53, the "Third Interim Order").

4.      The Lender incorporates as if set forth herein in full each of the specific objections to the Cash Collateral Motion asserted in its Prior Objections.

5.      On March 31, 2026, the Lender and the Receiver jointly filed a Motion to (1) Compel the Manor Debtors to Assume or Reject Their Leases, (2) Establish the Cure Amount and (3) for Relief from the Automatic Stay (ECF 61), which the Lender incorporates herein by reference as if set forth herein in full.

**Reservation of Additional Objections**

6.      The Lender has requested additional discovery from the Debtors so that it can gain information about the Debtors' operations and use of cash collateral. As of the date of this Objection, the Lender is still awaiting production of some of the information it has requested.

7.      In addition, while the Debtors have provided some periodic reporting about their financial affairs, operations, and use of cash collateral, the Debtor has not yet provided reporting concerning the entire period since the previous hearing and has not filed Monthly Operating Reports covering February 2026.

8.      As the Lender is still conducting discovery, investigating the Debtors' affairs, and reviewing and awaiting additional reports from the Debtors, the Lender reserves the right to: (i) file amendments, supplements, and other documents in support of these objections; (ii) supplement and expand on the specific objections set forth above

and in the Prior Objections; and (iii) assert such other objections to the Debtors'
continued use of cash collateral as are appropriate and warranted.

9.      In addition, the Debtors have not proposed any revised version of a cash
collateral budgets different from the budgets included in the Third Interim Order. The
Lender reserves its right to assert any appropriate and warranted objections to any such
revisions.

### Reservation of Rights

10.     Notwithstanding the foregoing, Lender reserves all of its present and future
rights, claims, and remedies with respect to its liens and security interests in the Debtors'
property, including, without limitation, (i) its right to challenge the validity, extent,
perfection, and priority of any liens or interests asserted by the Debtor or any other party
in interest in such property; (ii) its right to contest the Debtors' proposed use of cash
collateral and to seek appropriate adequate protection, including additional or
replacement liens, additional adequate protection payments, or superpriority claims;
(iii) its right to require valuations and to object to any valuation methodologies; (iv) its
right to seek modification, expansion, or termination of the use of cash collateral if
protections are inadequate; (v) its right to seek relief from the automatic stay on any
applicable grounds or to seek other relief as permitted by the Bankruptcy Code; (vi) its
right to seek to dismiss the Debtors' bankruptcy cases on any available grounds; and (vi)
any other rights and remedies available under applicable law, equity, or contract.

4

WHEREFORE, the Lender respectfully requests that this Court enter an Order appropriately conditioning and limiting the Debtors' authority to use cash collateral.

Respectfully Submitted,

HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER

Dated: April 14, 2026

By: */s/ Matthew A. Hamermesh*
    Matthew A. Hamermesh
    Sara E. Smith
One Logan Square, 27th Floor
Philadelphia, PA 19103-6933
(215) 568-6200
mhamermesh@hangley.com

BERGER LAW GROUP, P.C.
Phillip D. Berger
919 Conestoga Road, Building 3, Suite 114
Bryn Mawr, PA 19010
(610) 668-0800
Berger@BergerLawPC.com

*Attorneys for Secured Creditor Lehigh Valley 1, LLC*