| In re: | Chapter 11 |
|---|---|
| Whitehall Manor, et al.,[1] | Case No. 25-15245(PMM) |
| Debtors. | Jointly Administered |

**FIFTH INTERIM ORDER (A) AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL OF EXISTING SECURED PARTY AND GRANTING ADEQUATE PROTECTION FOR SUCH USE AND (B) PRESCRIBING THE FORM AND MANNER OF NOTICE AND SETTING THE TIME FOR A FINAL HEARING**

This matter came before the Court on the motion (the "Motion")[2] of the above-captioned debtors (the "Debtors") for interim and final orders pursuant to Sections 105, 361 and 363 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) authorizing the Debtors to use the cash collateral of an existing secured party and granting adequate protection to the existing secured party for the use of its cash collateral, and (b) prescribing the form and manner of notice and setting the time for the final hearing on the Motion. Upon review of the Motion and the objections thereto and based upon the evidence presented to this Court at the interim hearing (the "Interim Hearing") on the Motion, the Court hereby makes the following findings of fact and conclusions of law:

A.      Adequate and sufficient notice of the Motion and the Interim Hearing under the circumstances has been provided to all persons entitled thereto pursuant to Bankruptcy Rules 2002 and 4001. No further notice of the Motion is necessary, and the Interim Hearing was held pursuant to Bankruptcy Rule 4001(b)(2).

---

[1] The Debtors in these Chapter 11 Cases are: (i) Whitehall Manor, Inc. (5606); and (ii) Saucon Valley Manor, Inc. (2894).

B.	This matter constitutes a "core proceeding" within the meaning of 28 U.S.C. § 157.

**The Debtors' Need to Use Cash Collateral**

Solely for purposes of this Interim Order and without prejudice in all other respects, the Court finds that:

A.	The Debtors require use of the Cash Collateral, as well as any proceeds thereof, in which the Secured Party may assert liens and security interests in order to preserve the value of its business and assets and to avoid immediate and irreparable harm to the Debtors' estates and to meet their operating obligations pending a final hearing on the Motion (the "Final Hearing").  If the Debtors are unable to pay amounts that come due prior to the Final Hearing, they will not be able to continue to operate and provide much-needed services to their residents.

B.	Pursuant to Sections 363(a) and 552(b) of the Bankruptcy Code, any Cash Collateral held by the Debtors as of the Petition Date may constitute "cash collateral" within the meaning of Section 363(a) of the Bankruptcy Code.  The Secured Party asserts that it has an interest in the Cash Collateral within the meaning of Sections 363(c)(2) and 363(e) of the Bankruptcy Code.

C.	The Debtors have an immediate need to use Cash Collateral on an interim basis through the date of the Final Hearing to, among other things, fund their obligations and pay other operating expenses that come due prior to the Final Hearing, in accordance with the Budget attached hereto as **Exhibit 1**, subject to an allowed disbursement variance of ten (10) percent per line item per week on a four-week rolling basis.

---

[2] Capitalized terms not defined herein shall have the meanings set forth in the Motion.

#125594044v2

D.      Good cause has been shown for entry of this interim cash collateral order (the "Fifth Interim Order") as an immediate and critical need exists for the Debtors to be permitted access to funds to continue their operations.

E.      The record adequately demonstrates that without the use of such funds, the Debtors' estates would be immediately and irreparably harmed.

F.      The Debtors seek to use Cash Collateral existing on or after the Petition Date that may be subject to the Secured Party's liens through the date of the Final Hearing solely for the purposes and in the amounts set forth in the Budget.

G.      The Debtors have offered, pursuant to Sections 361 and 363(e) of the Bankruptcy Code, to provide to the Secured Party as adequate protection of its interests, if any, in the Cash Collateral against (i) any diminution in value from the use of the Cash Collateral and other collateral, and (ii) for the imposition of the automatic stay pursuant to Section 362 of the Bankruptcy Code: (a) the continued, uninterrupted operation of the Debtors; and (b) the Replacement Liens (as defined herein).

H.      On January 27, 2026, the Court ordered Debtor Whitehall Manor to pay $35,000 per month to Lender as additional adequate protection of its interests and ordered Debtor Saucon Valley Manor to pay $35,000 per month to Lender as additional adequate protection.

I.      On April 21, 2026, the Court ordered Debtor Whitehall Manor to pay rent to Whitehall Trust in the amount of $139,000 and Saucon Valley Manor to pay rent to Saucon Trust in the amount of $142,118.42 on May 1, 2026, to be held by the pre-petition receiver appointed by the United States District Court for the Eastern District of Pennsylvania in the pending foreclosure matter, Civil Action Nos. 24-2627 and 24-2709, pending further order of this Court.

3

J.      Subject to compliance with the terms of this Fifth Interim Order, the Debtors are authorized to use the Cash Collateral solely during the period from the date of this Fifth Interim Order through May 31, 2026, or entry of an order further extending the Debtors' use of Cash Collateral following the next scheduled Omnibus Hearing on May 26, 2026, and solely in the amounts set forth in the Budget.

K.      All conclusions of law that are or may be deemed to be findings of fact are hereby incorporated as findings of fact.

L.      This Fifth Interim Order is entered pursuant to and shall be construed and be consistent with Sections 361 and 363 of the Bankruptcy Code and Bankruptcy Rule 4001(b).

ACCORDINGLY, THE COURT HEREBY CONCLUDES THAT:

a.      Good cause has been shown for the entry of this Fifth Interim Order and the authorizations herein.  Among other things, the entry of this Fifth Interim Order pending the Fifth Interim or Final Hearing will enable the Debtors to continue operating and to avoid immediate and irreparable harm to the Debtors' estates, and is otherwise in the best interests of the Debtors, their creditors, and their estates.

b.      This Fifth Interim Order is immediately valid and fully effective upon its entry.

c.      All findings of fact that are or may be deemed to be conclusions of law are incorporated herein as conclusions of law.

**ACCORDINGLY, IT IS ORDERED:**

a. Pending expiration of this Fifth Interim Order, the Debtors are permitted to use Cash Collateral, solely in accordance with the Budget, including a variance of up to ten (10) percent per week, per line item, on a four-week (4) rolling basis, as

4

needed, for the period from the date of the hearing on this Fifth Interim Order through the date of the Final Hearing, without setoff or recoupment by the Secured Party, for, among other things, working capital purposes, the payment of certain obligations in accordance with relief authorized by the Court, and other obligations solely as set forth in the Budget. The Budget may be updated and modified through the date of the Final Hearing by (i) consensual agreement between the Debtors and the Secured Party or (ii) further order of the Court.

b.  The Debtors shall be, and hereby are, authorized to use Cash Collateral on the terms and conditions set forth in this Fifth Interim Order in accordance with the Budget.

c.  The Debtors' right to use Cash Collateral under the Fifth Interim Order shall commence on the date of entry of the Fifth Interim Order and expire at the close of business on May 31, 2026, or such later date as may be ordered by the Court following the Final Hearing. The Debtors shall not use Cash Collateral to challenge or otherwise contest the validity of the Secured Party's security interest.

d.  As adequate protection: (i) to protect the Secured Party's interest, if any, in the Cash Collateral and other collateral pursuant to Sections 361 and 363(e) of the Bankruptcy Code; (ii) for any diminution in value from the use of the Cash Collateral and other collateral; and (iii) for the imposition of the automatic stay pursuant to Section 362 of the Bankruptcy Code, the Court hereby grants the Secured Party replacement security interests in and replacement liens (exclusive of any avoidance actions available to the Debtor's estates pursuant to Sections 544, 545, 547, 548, 549, 550, 553(b), or 724(a) of the Bankruptcy Code or any

proceeds thereof) on all of the Debtors' assets, whether such property was acquired before or after the Petition Date (the "<u>Replacement Liens</u>").

e. Such Replacement Liens shall be equal to the aggregate diminution in value, if any, after the Petition Date of the Cash Collateral and other collateral. The Replacement Liens shall be of the same extent, validity, and priority as the liens of the Secured Party on the prepetition Cash Collateral and other collateral.

f. Subject to the foregoing paragraph, the Replacement Liens shall constitute valid and duly perfected security interests and liens as of the Petition Date. The Secured Party shall not be required to file or serve financing statements, notices of lien, or similar interests which otherwise may be required under federal or state law in any jurisdiction, or take any action, including taking possession, to validate and perfect such Replacement Liens.

g. The Replacement Liens shall be subject and subordinate solely to fees payable to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6) and the Clerk of the Bankruptcy Court.

h. The Debtors are also directed to make adequate protection payments in the aggregate amount of $70,000 per month, $35,000 from Debtor Whitehall Manor and $35,000 from Debtor Saucon Valley Manor, during the term of this Order. During this interim period, such adequate protection payments shall be made by the 13th day of each month.

i. Debtor Whitehall Manor is directed to pay rent to Whitehall Trust in the amount of $139,000 and Saucon Valley Manor to pay rent to Saucon Trust in the amount of $142,118.42 on May 1, 2026, to be held by the pre-petition receiver appointed

by the United States District Court for the Eastern District of Pennsylvania in the pending foreclosure matter, Civil Action Nos. 24-2627 and 24-2709, pending further order of this Court.

j.  The Debtors are directed to keep their books and records of original entry current and updated, so that all business activity is posted to them in the ordinary course of the Debtors' businesses.  The Debtors shall provide to the Secured Party any reports of operations required to be provided by the prepetition agreements at the same time and in the same manner as set forth therein. In addition, the Debtors have agreed to and will provide the Lender with a weekly report of payments made and income received over the prior week, with a monthly reconciliation of actual income and expenses compared to budgeted income and expenses.  The weekly report will be provided on or before Wednesday of the following week and the monthly reconciliation by the 10th day of the following month.

k.  The Debtors shall promptly serve, by email, facsimile or overnight delivery, a copy of this Fifth Interim Order upon the parties having been given notice of the Fifth Interim Hearing and any other party that has filed a request for notices with this Court.

l.  The Final Hearing to consider the entry of a further order authorizing and approving use of Cash Collateral and providing adequate protection is hereby scheduled for May 26, 2026, at 2:30 p.m. via zoom at the following link:

https://www.zoomgov.com/j/1604457928?pwd=HQTn4QQaQju9Wv9BjWJGnYMGbvIMsT.1

Meeting ID: 160 445 7928
Passcode: 952332

#125594044v2

m.  Any party in interest objecting to the relief sought at the Final Hearing shall serve and file a written objection upon the following parties: (a) counsel for the Debtors, Lawrence McMichael, Dilworth Paxson LLP, 1650 Market St., Suite 1200, Philadelphia, PA 19103; (b) the Office of the United States Trustee for the Eastern District of Pennsylvania, Robert C. Nix Federal Courthouse, 900 Market St., Suite 320, Philadelphia, PA 19107; and (c) Lehigh Valley 1, LLC, Hangley Aronchick Segal Pudlin & Schiller, One Logan Square, 27th Floor, Philadelphia, PA 19103.  All objections to the entry of such Final Order shall be filed with the Clerk of the United States Bankruptcy Court, Eastern District of Pennsylvania, in each case to allow actual receipt by the foregoing notice parties no later than May 19, 2026, at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline").

n.  This Fifth Interim Order shall be fully effective upon its entry.

SO ORDERED this <u>1st</u> day of May, 2026.

_____
Honorable Patricia M. Mayer
United States Bankruptcy Judge

8

## **Exhibit 1 (to Fifth Interim Order)**

[Budget]

| CASH RECEIPTS & DISBURSEMENTS FORECAST | 13 WEEKS | Week of May 2 26 | Week of May 9 26 | Week of May 16 26 | Week of May 23 26 |
|---|---|---|---|---|---|
| Cash Beginning Balance | | 729,904.21 | 559,924.21 | 662,124.21 | 442,574.21 |
| INCOME | | 300,000.00 | 175,000.00 | 95,000.00 | 80,000.00 |
| Intercompany reimbursements | | 0.00 | 0.00 | 0.00 | 0.00 |
| Intercompany reimbursements- employees | | 5,600.00 | 0.00 | 5,600.00 | 0.00 |
| Disbursements | | 475,580.00 | 72,800.00 | 320,150.00 | 121,650.00 |
| Ending Cash Balance | | 559,924.21 | 662,124.21 | 442,574.21 | 400,924.21 |
| | | | | | |
| Expense | | | | | |
| DIETARY | | 22,000.00 | 20,000.00 | 20,000.00 | 20,000.00 |
| REFUNDS | | 0.00 | 0.00 | 0.00 | 25,000.00 |
| SUPPLIES | | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 |
| MAINTENANCE | | 4,500.00 | 4,500.00 | 4,500.00 | 4,500.00 |
| UTILITIES | | 3,000.00 | 31,250.00 | 3,500.00 | 0.00 |
| PAYROLL & BENEFITS | | 240,000.00 | 0.00 | 240,000.00 | 0.00 |
| OFFICE & MARKETING EXPENSES | | 6,650.00 | 6,650.00 | 9,150.00 | 10,150.00 |
| REAL ESTATE TAXES & INSURANCE | | 24,205.00 | 0.00 | 0.00 | 46,500.00 |
| EQUIPMENT | | 0.00 | 0.00 | 0.00 | 0.00 |
| US TRUSTEE QUARTERLY FEES | | 0.00 | 0.00 | 0.00 | 0.00 |
| LEGAL/PROFESSIONAL FEES | | 0.00 | 0.00 | 0.00 | 0.00 |
| ADEQUATE PROTECTION | | 0.00 | 0.00 | 35,000.00 | 0.00 |
| DILWORTH PAXSON/Committee Counsel | | 0.00 | 0.00 | 0.00 | 0.00 |
| Omni | | 0.00 | 0.00 | 0.00 | 7,500.00 |
| MANAGEMENT FEE | | 22,125.00 | 0.00 | 0.00 | 0.00 |
| RENT | | 142,000.00 | 0.00 | 0.00 | 0.00 |
| MISCELLANEOUS | | 5,100.00 | 4,400.00 | 2,000.00 | 2,000.00 |
| Total Expense | | 475,580.00 | 72,800.00 | 320,150.00 | 121,650.00 |

****

Debtors intend to seek approval of a DIP loan from their principal to the extent necessary pending confirmation of a plan.

| CASH RECEIPTS & DISBURSEMENTS  13 WEEKS FORECAST | Week of May 30 26 | TOTAL |
|---|---|---|
| Cash Beginning Balance | 400,924.21 | 382,904.21 |
| INCOME | 245,000.00 | 895,000.00 |
| Intercompany reimbursements | 15,120.00 | 15,120.00 |
| Intercompany reimbursements- employees | 29,600.00 | 40,800.00 |
| Disbursements | 307,740.00 | 1,297,920.00 |
| Ending Cash Balance | 382,904.21 | 35,904.21 |
|  |  |  |
| Expense |  |  |
| DIETARY | 20,000.00 | 102,000.00 |
| REFUNDS | 0.00 | 25,000.00 |
| SUPPLIES | 6,000.00 | 30,000.00 |
| MAINTENANCE | 4,500.00 | 22,500.00 |
| UTILITIES | 3,000.00 | 40,750.00 |
| PAYROLL & BENEFITS | 249,200.00 | 729,200.00 |
| OFFICE & MARKETING EXPENSES | 6,650.00 | 39,250.00 |
| REAL ESTATE TAXES & INSURANCE | 15,890.00 | 86,595.00 |
| EQUIPMENT | 0.00 | 0.00 |
| US TRUSTEE QUARTERLY FEES | 500.00 | 500.00 |
| LEGAL/PROFESSIONAL FEES | 0.00 | 0.00 |
| ADEQUATE PROTECTION | 0.00 | 35,000.00 |
| DILWORTH PAXSON/Committee Counsel | 0.00 | 0.00 |
| Omni | 0.00 | 7,500.00 |
| MANAGEMENT FEE | 0.00 | 22,125.00 |
| RENT | 0.00 | 142,000.00 |
| MISCELLANEOUS | 2,000.00 | 15,500.00 |
| Total Expense | 307,740.00 | 1,297,920.00 |

****
Debtors intend to seek approval of a DIP loan from their principal to the extent necessary pending confirmation of a plan.

| CASH RECEIPTS & DISBURSEMENTS      13 WEEKS FORECAST | Week of May 2 26 | Week of May 9 26 | Week of May 16 26 | Week of May 23 26 |
|---|---|---|---|---|
| Cash Beginning Balance | 539,866.76 | 397,047.18 | 443,314.18 | 318,321.60 |
| INCOME | 184,500.00 | 86,167.00 | 86,167.00 | 63,666.00 |
| Intercompany reimbursements | 6,850.00 | 0.00 | 0.00 | 0.00 |
| Intercompany reimbursements- employees | 0.00 | 0.00 | 0.00 | 13,000.00 |
| Disbursements | 334,169.58 | 39,900.00 | 211,159.58 | 89,515.00 |
| Ending Cash Balance | 397,047.18 | 443,314.18 | 318,321.60 | 305,472.60 |
| | | | | |
| Expense | | | | |
| DIETARY | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| SUPPLIES | 5,500.00 | 5,500.00 | 5,500.00 | 5,500.00 |
| REFUNDS | 0.00 | 0.00 | 0.00 | 0.00 |
| MAINTENANCE | 0.00 | 2,500.00 | 0.00 | 2,500.00 |
| UTILITIES | 15,500.00 | 7,000.00 | 18,075.00 | 2,800.00 |
| PAYROLL & BENEFITS | 128,006.58 | 0.00 | 128,006.58 | 0.00 |
| OFFICE & MARKETING EXPENSES | 5,000.00 | 5,000.00 | 6,578.00 | 13,500.00 |
| REAL ESTATE TAXES & INSURANCE | 7,170.00 | 0.00 | 0.00 | 41,700.00 |
| EQUIPMENT | 0.00 | 0.00 | 0.00 | 3,015.00 |
| US TRUSTEE QUARTERLY FEES | 0.00 | 0.00 | 0.00 | 0.00 |
| DILWORTH PAXSON/Committee Counsel | 0.00 | 0.00 | 0.00 | 0.00 |
| Omni | 0.00 | 0.00 | 0.00 | 0.00 |
| ADEQUATE PROTECTION | 0.00 | 0.00 | 35,000.00 | 0.00 |
| LEGAL/PROFESSIONAL FEES | 0.00 | 0.00 | 0.00 | 0.00 |
| MANAGEMENT FEE | 14,943.00 | 0.00 | 0.00 | 0.00 |
| RENT | 139,000.00 | 0.00 | 0.00 | 0.00 |
| Miscellaneous | 4,050.00 | 4,900.00 | 3,000.00 | 5,500.00 |
| Total Expense | 334,169.58 | 39,900.00 | 211,159.58 | 89,515.00 |

****
Debtors intend to seek approval of a DIP loan from their principal to the extent necessary pending confirmation of a plan.

| CASH RECEIPTS & DISBURSEMENTS 13 WEEKS FORECAST | Week of May 30 26 | TOTAL |
|---|---|---|
| **Cash Beginning Balance** | 305,472.60 | 323,296.03 |
| **INCOME** | 209,500.00 | 630,000.00 |
| **Intercompany reimbursements** | 6,850.00 | 13,700.00 |
| **Intercompany reimbursements- employees** | 0.00 | 13,000.00 |
| **Disbursements** | 198,526.58 | 873,270.74 |
| **Ending Cash Balance** | 323,296.03 | 106,725.29 |
| | | |
| **Expense** | | |
| **DIETARY** | 15,000.00 | 75,000.00 |
| **SUPPLIES** | 5,500.00 | 27,500.00 |
| **REFUNDS** | 12,000.00 | 12,000.00 |
| **MAINTENANCE** | 0.00 | 5,000.00 |
| **UTILITIES** | 2,000.00 | 45,375.00 |
| **PAYROLL & BENEFITS** | 134,406.58 | 390,419.74 |
| **OFFICE & MARKETING EXPENSES** | 10,000.00 | 40,078.00 |
| **REAL ESTATE TAXES & INSURANCE** | 7,170.00 | 56,040.00 |
| **EQUIPMENT** | 0.00 | 3,015.00 |
| **US TRUSTEE QUARTERLY FEES** | 500.00 | 500.00 |
| **DILWORTH PAXSON/Committee Counsel** | 0.00 | 0.00 |
| **Omni** | 7,500.00 | 7,500.00 |
| **ADEQUATE PROTECTION** | 0.00 | 35,000.00 |
| **LEGAL/PROFESSIONAL FEES** | 0.00 | 0.00 |
| **MANAGEMENT FEE** | 0.00 | 14,943.00 |
| **RENT** | 0.00 | 139,000.00 |
| **Miscellaneous** | 4,450.00 | 21,900.00 |
| **Total Expense** | 198,526.58 | 873,270.74 |

****
Debtors intend to seek approval of a DIP loan from their principal to the extent necessary pending confirmation of a plan.