**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| Whitehall Manor, Inc., *Debtor*. | : | Case No. 25-15245 (PMM) (Jointly Administered) |

**APPELLANT'S DESIGNATION OF CONTENTS OF REPRODUCED RECORD AND STATEMENT OF ISSUES PRESENTED FOR REVIEW**

Secured Creditor Lehigh Valley 1, LLC ("Lender" or "Appellant") hereby submits the following pursuant to Federal Rule of Bankruptcy Procedure 8009:

## I. Designation of Record on Appeal

Pursuant to Fed. R. Bankr. P. 8009, Appellant Secured Creditor Lehigh Valley 1, LLC ("Lender" or "Appellant") hereby designates the following items to be included in the record on appeal, along with any attachments thereto or parts thereof:

| Filing Date | Document No. | Title |
|---|---|---|
| 6/9/2026 | ECF 182 | Joint Motion Pursuant To 11 U.S.C. § 363 For Entry Of An Order Authorizing The Debtors To Enter Into And Perform Under Use And Occupancy Agreements |
| 7/2/2026 | ECF 206 | Debtors' Joint Motion To Modify Adequate Protection Pending Confirmation Of A Chapter 11 Plan |
| 7/10/2026 | ECF 215 | Secured Creditor Lehigh Valley 1, LLC's Objection To Joint Motion Pursuant To 11 U.S.C. § 363 For Entry Of An Order Authorizing The Debtors To Enter Into And Perform Under Use And Occupancy Agreements |
| 7/10/2026 | ECF 216 | Amended Joint Motion Pursuant To 11 U.S.C. § 363 For Entry Of An Order Authorizing The Debtors To Enter Into And Perform Under Use And Occupancy Agreements |
| 7/17/2026 | ECF 219 | Secured Creditor Lehigh Valley 1, LLC's Objection To: (1) Joint Motion To Modify Adequate Protection Pending Confirmation Of A Chapter 11 Plan And (2) Amended Joint Motion Pursuant To 11 U.S.C. § 363 For Entry Of An Order Authorizing The Debtor To Enter |

| | | |
|---|---|---|
| | | Into And Perform Under Use And Occupancy Agreements; With Cross-Motion For Adequate Protection |
| 7/20/2026 | ECF 221 | Joint Reply To Secured Creditor Lehigh Valley 1, LLC's Objection To Joint Motion Pursuant To 11 U.S.C. § 363 For Entry Of An Order Authorizing The Debtors To Enter Into And Perform Under Use And Occupancy Agreements |
| 7/21/2026 | ECF 225 | Joinder Of Abraham Atiyeh To (A) Joint Motion Pursuant To 11 U.S.C. § 363 For Entry Of An Order Authorizing The Debtors To Enter Into And Perform Under Use And Occupancy Agreements, (B) Debtors' Joint Motion To Modify Adequate Protection Pending Confirmation Of A Chapter 11 Plan, (C) Motion For (1) Interim And Final Orders (A) Authorizing Debtors To Use Cash Collateral Of Existing Secured Party And Granting Adequate Protection For Use And (B) Prescribing Form And Manner Of Notice And Setting The Time For The Final Hearing And (2) Expedited Hearing On The Relief Sought Herein, (D) Debtors' Motion For Entry Of An Order Scheduling A Hearing To Approve: (I) Disclosure Statement; (II) Procedures For The Solicitation And Tabulation Of Votes To Accept Or Reject The Debtors' Chapter 11 Plan; And (III) Related Notice And Objection Procedures, ( E) Debtors' Motion For Entry Of An Order To Extend Debtors' Exclusive Time To File A Plan Of Reorganization And Solicit Acceptances Thereof And Request For Expedited Consideration, And (F) Response To Receiver's Renewed Motion For Entry Of Order Allowing And Directing Payment Of Administrative Expense Pursuant To 11 U.S.C. § 503(B)(3)(E) |
| 7/21/2026 | ECF 226 / D-89 | Declaration Of Nimita Kapoor-Atiyeh In Support Of Debtors' Joint Motion Pursuant To 11 U.S.C. § 363 For Entry Of An Order Authorizing The Debtors To Enter Into And Perform Under Use And Occupancy Agreements; Debtors' Joint Motion To Modify Adequate Protection Pending Confirmation Of A Chapter 11 Plan; And Request For Continued Use Of Cash Collateral |
| 7/21/2026 | ECF 227 / D-90 | Declaration Of Abraham Kapoor Atiyeh In Support Of Debtors' Joint Motion Pursuant To 11 U.S.C. § 363 For Entry Of An Order Authorizing The Debtors To Enter Into And Perform Under Use And Occupancy Agreements; Debtors' Joint Motion To Modify Adequate Protection Pending Confirmation Of A Chapter 11 Plan; And Request For Continued Use Of Cash Collateral |

| | | |
|---|---|---|
| 7/21/2026 | ECF 228 / D-91 | Declaration Of Abraham Atiyeh In Further Support Of Debtors' Joint Motion Pursuant To 11 U.S.C. § 363 For Entry Of An Order Authorizing The Debtors To Enter Into And Perform Under Use And Occupancy Agreements; Debtors' Joint Motion To Modify Adequate Protection Pending Confirmation Of A Chapter 11 Plan; And Continued Use Of Cash Collateral |
| 7/27/2026 | ECF 247 | Order Modifying Adequate Protection Pending Confirmation Of A Chapter 11 Plan |
| 7/27/2026 | ECF 248 | Order Pursuant To 11 U.S.C. § 363 For Entry Of An Order Authorizing The Debtors To Enter Into And Perform Under Use And Occupancy Agreements |
| 7/28/2026 | ECF 251 | Notice of Appeal |
| 1/27/2026 | LVx-1 | Lease Agreement By and Between Whitehall Fiduciary, LLC, as Trustee of Whitehall Trust and Whitehall Manor, Inc., dated August 14, 2008 – ECF 71, Exhibit A; ECF 105-3, Exhibit C; ECF 41-9, Exhibit F |
| 1/27/2026 | LVx-2 | Lease Agreement Between Abraham R. Atiyeh and Saucon Valley Manor, Inc., dated January 1, 2006 – ECF 71, Exhibit B; ECF 105-4, Exhibit D |
| 1/27/2026 | LVx-3 | Fourth Amendment to Lease and Memorandum of Lease Extension, dated September 21, 2023 – ECF 71, Exhibit C; ECF 105-5, Exhibit E |
| 1/27/2026 | LVx-4 | Sixth Amendment to Lease Agreement, dated September 21, 2023 – ECF 71, Exhibit D; ECF 105-6, Exhibit F |
| 1/27/2026 | LVx-5 | Order, dated December 19, 2025, *Lehigh Valley 1 LLC v. Whitehall Fiduciary,* E.D. Pa. No. 24-2627 – ECF 71, Exhibit E; ECF 105-7, Exhibit G; ECF 115, Exhibit A; ECF 41-3, Exhibit C |
| 1/27/2026 | LVx-7 | Lessee Security Agreement, dated January 26, 2012 - ECF 105-8, Exhibit H; ECF 41-4-6, Exhibit D |
| 1/27/2026 | LVx-8 | Lessee Security Agreement, dated January 26, 2012 - ECF 105-9, Exhibit I; ECF 41-7-8, Exhibit E |
| 1/27/2026 | LVx-17 | Real Estate Appraisal Report, Saucon Valley Manor, dated June 19, 2023 |
| 1/27/2026 | LVx-18 | Real Estate Appraisal Report, Whitehall Manor, dated June 19, 2023 |
| 1/27/2026 | LVx-22 | Whitehall - Open-End Mortgage, dated January 19, 2012 |
| 1/27/2026 | LVx-23 | Saucon - Mortgage, dated December 1, 2012 |
| 4/21/2026 | LVx-92 | LV1 - Post-Petition Rent Accruals [Manor-12] |
| 4/21/2026 | LVx-93 | Saucon (SVM) [rent_arrears_Saucon and Whitehall.xlsx] [Manor-13] |
| 4/21/2026 | LVx-94 | Whitehall (WMI) [rent_arrears_Saucon and Whitehall.xlsx] [Manor-14] |

| | | |
|---|---|---|
| 7/22/2026 | LVx-109 | Appraisal Report of property Saucon Valley Manor Senior Living, prepared by Valbridge Property Advisors, dated June 12, 2026 |
| 7/22/2026 | LVx-110 | Appraisal Report of property Whitehall Manor Senior Living, prepared by Valbridge Property Advisors, dated June 12, 2026 |
| 7/22/2026 | LVx-111 | Real Estate Appraisal Report of property Saucon Valley Manor, prepared by HealthTrust, dated July 7, 2026 |
| 7/22/2026 | LVx-112 | Real Estate Appraisal Report of property Whitehall Manor, prepared by HealthTrust, dated July 7, 2026 |
| 7/22/2026 | LVx-113 | Whitehall Manor – Security Agreement, dated January 26, 2012 |
| 7/22/2026 | LVx-114 | Saucon Valley Manor – Security Agreement, dated December 1, 2012 |
| 7/22/2026 | LVx-115 | Transcript of Alan C. Plush, MAI Deposition, held July 15, 2026 |
| 7/22/2026 | LVx-116 | Transcript of Richard F. Wolf, MAI, SRA, AI-GRS, CRE Deposition, held July 16, 2026 |
| 7/22/2026 | D-85 | May Monthly Operating Report for Saucon Valley Manor |
| 7/22/2026 | D-86 | May Monthly Operating Report for Whitehall Manor |
| 7/22/2026 | D-87 | June Monthly Operating Report for Saucon Valley Manor |
| 7/22/2026 | D-88 | June Monthly Operating Report for Whitehall Manor |
| 7/22/2026 | D-95 | Index of documents sent by M Hamermesh/P Berger to HealthTrust |
| 7/22/2026 | D-96 | Excel sheet of adequate protection, taxes, Good Shephard rent, HVAC payments paid by Whitehall and Saucon |
| 7/22/2026 | D-97 | Operating expenses from January 2026 – June 2026 |
| 7/22/2026 | D-98 | U&O Agreement between Whitehall Trust and Whitehall Manor |
| 7/22/2026 | D-99 | U&O Agreement between Saucon Trust and Saucon Valley Manor |
| 7/22/2026 | D-101 | Cash Collateral Budget Edited 13 week projection- 7-25 thru 10-24-26 #1 |
| 7/22/2026 | D-102 | Cash Collateral Budget Edited 13 week projection- 7-25 thru 10-24-26 #2 |
| 7/22/2026 | D-104 | Manors' Historical HHS License Data |
| 7/22/2026 | D-107 | Field Notes of Alan C. Plush, MAI |
| 12/30/2025 | LVx-15 | Transcript of Video Hearing on First-Day Motions, held December 30, 2025 – excerpt attached at ECF 119, Exhibit A; ECF 201-2, Exhibit B |
| 1/27/2026 | -- | Transcript of January 27, 2026 Hearing before the Honorable Judge Patricia Mayer |

| | | |
|---|---|---|
| 2/24/2026 | -- | Transcript of February 24, 2026 Hearing before the Honorable Judge Patricia Mayer |
| 3/25/2026 | -- | Transcript of March 25, 2026 Hearing before the Honorable Judge Patricia Mayer |
| 4/1/2026 | LVx-96 | Transcript of April 1, 2026 Hearing before the Honorable Judge Patricia Mayer |
| 4/21/2026 | -- | Transcript of April 21, 2026 Hearing before the Honorable Judge Patricia Mayer |
| 4/23/2026 | LVx-123 | Transcript of April 23, 2026 Hearing before the Honorable Judge Patricia Mayer |
| 5/26/2026 | -- | Transcript of May 26, 2026 Hearing before the Honorable Judge Patricia Mayer |
| 7/22/2026 | -- | Transcript of July 22, 2026 Hearing before the Honorable Judge Patricia Mayer |
| 7/23/2026 | -- | Transcript of July 23, 2026 Hearing before the Honorable Judge Patricia Mayer |

## II. Statement of Issues Presented for Review

Appellant Secured Creditor Lehigh Valley 1, LLC ("Lender" or "Appellant") hereby files the following as its concise statement of matters complained of on appeal pursuant to Fed. R. Bankr. P. 8009:

1. Did the Bankruptcy Court commit legal error in reducing the amount of adequate protection required to be paid to Lender based on the Manor Debtors' and the Trusts' requests, where the Bankruptcy Court has previously determined the amount of adequate protection and where there were no grounds to revisit that decision based on the doctrines of law of the case and collateral estoppel, and no grounds for finding that the high standard for reconsidering a prior decision had been met?

2. Did the Bankruptcy Court commit legal error or a clear error of fact in its determination of the amount of fair market rent that the Manor Debtors owe to the Trusts?

3. Did the Bankruptcy Court err in determining that the amount of rent the Manor Debtors owe to the Trusts, and the adequate protection required to be paid to

Lender, could together be less than the amount that would be due under applicable non-bankruptcy law—the rent due under the most recent lease in effect?

4. Did the Bankruptcy Court commit legal error or a clear error of fact in relying on a real estate appraisal to determine the fair market rent where that appraisal did not consider market factors in determining the amount of expenses to be used in applying an income approach to real estate valuation, which formed the basis for the determination of the fair market rent?

5. Did the Bankruptcy Court commit legal error in determining the amount of rent the Manor Debtors owe to the Trusts, and the adequate protection required to be paid to Lender, based on what the Manor Debtors and the Trusts could afford to pay based on their own projections rather than what the market would charge for rent for the properties at issue?

6. Did the Bankruptcy Court commit legal error or a clear error of fact in denying additional adequate protection of Lender's interest in the collateral in light of substantial deferred maintenance and the significant risk of further damage to the property and impairment of value due to the Manor Debtors' and the Trusts' failure to address the deferred maintenance?

7. Did the Bankruptcy Court commit legal error or a clear error of fact in approving the Use and Occupancy Agreements?

8. Did the Bankruptcy Court commit legal error or a clear error of fact in approving the insider Use and Occupancy Agreements notwithstanding the heightened scrutiny due to such insider transactions under Section 363 of the Bankruptcy Code?

9. Did the Bankruptcy Court commit legal error in approving the Use and Occupancy Agreements under Section 363 of the Bankruptcy Code where they serve no business purpose?

Respectfully Submitted,

HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER

Dated: July 31, 2026

By: */s/ Matthew A. Hamermesh*
Matthew A. Hamermesh
Sara E. Smith
1735 Market, 26th Floor
Philadelphia, PA 19103
(215) 568-6200
mhamermesh@hangley.com
ssmith@hangley.com

BERGER LAW GROUP, P.C.
Phillip D. Berger
919 Conestoga Road, Building 3, Suite 114
Bryn Mawr, PA 19010
(610) 668-0800
Berger@BergerLawPC.com

*Attorneys for Secured Creditor Lehigh Valley 1, LLC*