No. 5:26-cv-08288-CH

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

In re WHITEHALL MANOR, INC. et al.,
Debtors

LEHIGH VALLEY 1, LLC,
Appellant

---

# RESPONSE OF WHITEHALL MANOR, INC. AND SAUCON VALLEY MANOR, INC. IN OPPOSITION TO LEHIGH VALLEY 1, LLC's MOTION FOR LEAVE TO APPEAL PURSUANT TO 28 U.S.C. § 158(a)(3)

---

On appeal from the Order of the United States Bankruptcy Court
for the Eastern District Approving Dilworth Paxson LLP's
First Interim Fee Request
No. 25-15245-pmm

---

Lawrence G. McMichael
Anne M. Aaronson
Michelle V. Lee
Stephen A. Fogdall
1650 Market Street, Suite 1200
Philadelphia, PA 19103
Tel.: (215) 575-5000
lmcmichael@dilworthlaw.com
aaaronson@dilworthlaw.com
mlee@dilworthlaw.com
sfogdall@dilworthlaw.com
*Counsel to Whitehall Manor, Inc.
and Saucon Valley Manor, Inc.*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .......... ii

INTRODUCTION .......... 1

ARGUMENT .......... 2

I. Lehigh Fails to Identify a Suitable Controlling Question of Law .......... 3

II. There is Not Substantial Ground for Difference of Opinion in This Circuit .......... 6

III. There Are no Exceptional Circumstances to Warrant Immediate Appeal and Immediate Appeal will not Materially Advance the Ultimate Termination of These Bankruptcy Cases .......... 11

CONCLUSION .......... 133

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*In re American Metallurgical Products, Co.*,
228 B.R. 146 (W.D. Pa. 1998)....................10

*In re Boy Scouts of Am.*,
2021 WL 1174573 (D. Del. Mar. 29, 2021) ....................3

*In re Butko*,
624 B.R. 338 (Bankr. W.D. Pa. 2021)....................8

*In re Crivello*,
134 F.3d 831 (7th Cir. 1998)....................8, 9

*In re Cross Media Mktg. Corp.*,
2007 WL 2743577 (S.D.N.Y Sep. 19, 2007) ....................3

*In re Culp*,
550 B.R. 683 (D. Del. 2015)....................2, 3, 4, 12

*In re Federated Department Stores, Inc.*,
44 F.3d 1310 (6th Cir. 1995)....................10

*In re Global Marine, Inc.*,
108 B.R. 1007 (S.D. Tex. 1988)....................3

*Hewitt v. United States*,
606 U.S. 419 (2025) ....................9

*In re Jade Management Services*,
386 Fed. Appx. 145 (3d Cir. 2010)....................7

*Knipe v. SmithKline Beecham*,
583 F. Supp. 2d 553 (E.D. Pa. 2008)....................6

*Lamie v. United States Trustee*,
540 U.S. 526 (2004)....................8, 9

*Link v. Mercedes-Benz of North Am., Inc.*,
550 F.2d 860 (3d Cir. 1977) ....................................................................6

*Lorentz v. Westinghouse Elec. Corp.*,
472 F. Supp. 954 (W.D. Pa. 1979)..............................................................6

*In re Paige*,
2008 WL 1994905 (D. Utah May 8, 2008) ..................................................3

*In re Phila. Newspapers*,
418 B.R. 548 (E.D. Pa. 2009) ..................................................................11

*In re Rosetta Genomics, Inc.*,
679 B.R. 603 (D. Del. 2026).................................................................3, 4

*Rushton Mining Co. v. Morton*,
520 F.2d 716 (3d Cir. 1975) ....................................................................9

*In re SemCrude, L.P.*,
2010 WL 4537921 (D. Del. Oct. 26, 2010) ................................................2

*Thorpe v. Thomas Jefferson Univ. Hosps., Inc.*,
2026 WL 2924666 (E.D. Pa. Sep. 29, 2026)...............................................5

*United States v. Mallory*,
765 F.3d 373 (3d Cir. 2014) ....................................................................8

*U.S. Trustee v. Price Waterhouse*,
19 F.3d 138 (3d Cir. 1994) ...................................................... 7, 8, 10, 11

*In re Witchey Enterprises*,
2024 WL 2827928 (3d Cir. Jun. 4, 2024)..................................................10

**Statutes**

11 U.S.C. § 327.............................................................................*passim*

11 U.S.C. § 327(a) .........................................................................*8*, 9

11 U.S.C. § 328(c) .......................................................................*passim*

11 U.S.C. § 330..................................................................................10

11 U.S.C. § 331 ........................................ 1, 2, 3, 10

28 U.S.C. § 158(a)(3) ........................................ 2

28 U.S.C. § 1292(b) ........................................ 2

**Other**

19 James W. Moore et al., Moore's Federal Practice ¶ 203.31[3] (3d ed. 2003) ........................................ 6

## INTRODUCTION

Lehigh Valley 1, LLC ("Lehigh") asks this Court to delay and complicate these consolidated bankruptcy cases by allowing an extraordinary, immediate appeal of an interim award of compensation to Dilworth Paxson LLP ("Dilworth") for legal services to Whitehall Manor, Inc. and Saucon Valley Manor, Inc. (together, the "Manors"), which the Bankruptcy Court approved in its discretion following careful, fact-intensive review. We are unaware of any District Court allowing such an immediate appeal.

Pursuant to 11 U.S.C. § 327, the Bankruptcy Court appointed Dilworth as counsel for the four debtors involved in these four jointly administered cases, the Manors, on the one hand, and Whitehall Trust and Saucon Trust (together, the "Trusts"), on the other. Later, this Court determined that Dilworth could not represent all four Debtors and ordered the Manors and the Trusts to obtain separate counsel. Following that order, Dilworth continued to represent the Manors, while new counsel entered for the Trusts.

Dilworth then properly filed a request for interim compensation pursuant to 11 U.S.C. § 331, seeking payment for work it performed on behalf of all debtors prior to this Court's order limiting its representation to the Manors and on behalf of the Manors thereafter. The Bankruptcy Court approved the request over Lehigh's objection. The Third Circuit, in a well-reasoned analysis, has already interpreted 11

U.S.C. § 328(c) to give a Bankruptcy Court discretion to award compensation to a professional notwithstanding that the professional is determined not to qualify for appointment under Section 327. Courts in this Circuit, and in other Circuits, have followed the Third Circuit's analysis. In this case, as a result of this Court's decision, Dilworth was determined not to qualify for appointment as to the Trusts, but there is no dispute that Dilworth was and is properly appointed as counsel for the Manors.

Nevertheless, Lehigh wrongly contends that this Court should allow immediate review, despite that the sought-for appeal involves a single, peripheral interim fee request, the Third Circuit has already provided sufficient guidance to resolve the issue, and immediate appeal will do nothing to advance the ultimate confirmation of any plan of reorganization for the Debtors. Lehigh's motion for leave to appeal should be denied.

## ARGUMENT

When a party seeks leave to appeal an interlocutory order of a Bankruptcy Court under 28 U.S.C. § 158(a)(3), District Courts "have typically borrowed the standard found in 28 U.S.C. § 1292(b)." *In re Culp*, 550 B.R. 683, 694 (D. Del. 2015) (quoting *In re SemCrude, L.P.*, 2010 WL 4537921, *2 (D. Del. Oct. 26, 2010)). Under this standard, an immediate appeal of an interim award of compensation under 11 U.S.C. § 331 is permitted only when "the order at issue (1) involves a controlling question of law upon which there is (2) substantial ground for

a difference of opinion, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation." *Id.*

None of these factors is satisfied here.

## I. Lehigh Fails to Identify a Suitable Controlling Question of Law

Lehigh cites no authority for the proposition that legal issues allegedly raised in the approval of an interim fee request under 11 U.S.C. § 331, long before confirmation of any final reorganization plan, can be characterized as "controlling questions of law." And for good reason: there is no such authority. A controlling question of law is one that is "serious to the conduct of the litigation, either practically or legally." *In re Rosetta Genomics, Inc.*, 679 B.R. 603, 608 (D. Del. 2026) (quoting *In re Boy Scouts of Am.*, 2021 WL 1174573, *4 (D. Del. Mar. 29, 2021)). And the question "must be one 'that the reviewing court could decide quickly and cleanly within having to study the record.'" *Id.* (quoting *In re Cross Media Mktg. Corp.*, 2007 WL 2743577, *2 (S.D.N.Y Sep. 19, 2007)). An interim compensation award simply does not qualify. Such an award "rest[s] within the sound discretion of the bankruptcy judge after a fact-intensive review." *In re Global Marine, Inc.*, 108 B.R. 1007, 1009 (S.D. Tex. 1988). Moreover, an interim compensation award "remain[s] subject to the court's re-examination and adjustment during the course of the case and [is] refundable to the estate in cases of misconduct." *In re Paige*, 2008

WL 1994905, *2 (D. Utah May 8, 2008) (quoting marks omitted). Thus, the award has little impact, if any, on the ultimate confirmation of a final plan of reorganization.

Lehigh wrongly contends that there are two supposedly controlling questions of law that it says warrant immediate review. One of these, "whether the Bankruptcy Court abused its discretion by approving nearly all of the requested fees," Lehigh's Mot. at 11, is plainly not a controlling question of law. It would require a fact-intensive "study [of] the record" and could not be decided "quickly" or "cleanly." *Rosetta Genomics*, 679 B.R. at 608. Indeed, according to Lehigh, resolution of the question would require review by this Court of every time entry submitted by Dilworth in support of its interim fee request. Lehigh's Br. at 18. Notably, Lehigh does not dispute that Dilworth has always been properly employed as counsel for the Manors, and, therefore, must be entitled to compensation for its work on their behalf. Lehigh also fails to mention that the Office of the United States Trustee requested of Dilworth its detailed time entries, carefully reviewed them and negotiated a resolution with the Manors of all of its concerns with the individual time entries in advance of the hearing before the Bankruptcy Court. The dispute is thus solely over the amount of compensation to which Dilworth is entitled, a determination clearly committed to the discretion of the Bankruptcy Court, not a controlling question of law. *Cf. In re Culp*, 550 B.R. at 695 ("Whether the legal

services benefitted the estate is not a controlling question of law upon which there are substantial grounds for difference of opinion.”).

The other question Lehigh claims is raised by the interim compensation award, “[w]hether the Bankruptcy Court has discretion to approve fees for counsel whose employment authority was vacated due to an actual conflict of interest,” *is* a legal question, but it is not controlling. Lehigh concedes that this question affects only a single interim fee application, and it is at best peripheral to the ultimate resolution of these bankruptcy cases. Lehigh argues that the question is controlling because, if decided against Dilworth and the Bankruptcy Court, the interim compensation award would be reversed.[1] Lehigh’s Br. 11. But a controlling question is one that “*at a minimum*, would be reversible error on final appeal if decided erroneously.” *Thorpe v. Thomas Jefferson Univ. Hosps., Inc.*, 2026 WL 2924666, *2 (E.D. Pa. Sep. 29, 2026) (emphasis added). If the mere potential for the reversal of an interlocutory order granting a preliminary motion on an alleged error of law, no matter how tangential to the ultimate resolution of the case, were sufficient to deem a legal question controlling, virtually every interlocutory order would be

[1] Lehigh’s contention is curious here. There is no doubt that Dilworth performed substantial legal services on behalf of the Debtors and, more recently, the Manors alone and that non-individuals must be represented by counsel in order to proceed in Chapter 11. There is no pro se option. Clearly, a reversal could not result in Dilworth being awarded no fees for services rendered and expenses incurred during the interim period.

immediately appealable. This would dramatically "ero[de]" the "prohibition against 'piecemeal' appellate review." *Link v. Mercedes-Benz of North Am., Inc.*, 550 F.2d 860, 853 (3d Cir. 1977). Rather, to be controlling, a question must "ha[ve] the potential of substantially accelerating disposition of the litigation." *Knipe v. SmithKline Beecham*, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008) (quoting 19 James W. Moore et al., Moore's Federal Practice ¶ 203.31[3] (3d ed. 2003)). Where the question is "only one of many triable issues," it is not controlling. *Lorentz v. Westinghouse Elec. Corp.*, 472 F. Supp. 954, 956 (W.D. Pa. 1979). The interim compensation award to Dilworth is in precisely this category. Even if the Bankruptcy Court's compensation award to Dilworth were reversed, numerous issues would remain to be decided before any plan of reorganization for any debtor could be approved.

## II. There is Not Substantial Ground for Difference of Opinion in This Circuit

Next, Lehigh erroneously argues that there is substantial ground for difference of opinion because there supposedly "is no settled controlling law in this Circuit as to whether a Bankruptcy Court has discretion to approve fees to counsel where their employment-authority under section 327 was vacated," and there purportedly is "conflicting precedent within the Third Circuit as to whether a bankruptcy court properly exercised its discretion in denying fees to counsel whose employment-

authority under section 327 was revoked or vacated due to a conflict of interest." Lehigh's Br. at 19, 21. Lehigh is wrong on both fronts.

The plain language of 11 U.S.C. § 328(c) recognizes that an attorney might be erroneously appointed under Section 327 and yet still be entitled to compensation. This section states that "the court *may* deny allowance of compensation for services and reimbursement of expenses of a professional person employed under section 327 . . . if, at any time during such professional person's employment under section 327 . . . , such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed." 11 U.S.C. § 328(c) (emphasis added). The Third Circuit has explained that this section means "that if a non-'disinterested' professional person is improperly employed, or if a professional person ceases to be 'disinterested' 'at any time during such professional person's employment,' the court *may*," not must, "deny compensation and reimbursement." *U.S. Trustee v. Price Waterhouse*, 19 F.3d 138, 142 (3d Cir. 1994). Lehigh makes three erroneous arguments as to why the Third Circuit's analysis is not controlling. They should all be rejected.

First, Lehigh contends that the Third Circuit's analysis was "dicta," citing a brief footnote in the Third Circuit's later unpublished decision in *In re Jade Management Services*, 386 Fed. Appx. 145, 150 n.7 (3d Cir. 2010). *See* Lehigh's

Mot. at 20. In that later non-precedential and non-binding decision, the Third Circuit panel commented in a parenthetical that the analysis in *Price Waterhouse* was "dicta," but did not justify this description. And the description simply does not square with the Third Circuit's actual analysis in its earlier precedential decision. The word "dicta" means "a statement in a judicial opinion that could have been deleted without seriously impairing the analytical foundations of the holding." *In re Butko*, 624 B.R. 338, 368-69 (Bankr. W.D. Pa. 2021) (quoting *United States v. Mallory*, 765 F.3d 373, 381 (3d Cir. 2014)). This definition does not fit the Third Circuit's analysis in *Price Waterhouse*. To the contrary, the Third Circuit's analysis there was central to its rejection of the appellees' argument that Section 327(a) is ambiguous. *See Price Waterhouse*, 19 F.3d at 142. Indeed, the Seventh Circuit did not characterize the Third Circuit's analysis as dicta when it relied on this analysis to hold that Section 328(c) permits compensation for a professional who was appointed erroneously under Section 327(a). *In re Crivello*, 134 F.3d 831, 837 (7th Cir. 1998). Importantly, Dilworth's appointment was reversed only as to the Trusts, not the Manors in any event, yet Lehigh objected to the vast majority of the fees and expenses sought by Dilworth throughout the interim period for all services provided.

Second, Lehigh wrongly suggests that the Third Circuit's analysis in *Price Waterhouse* is somehow called into question by *Lamie v. United States Trustee*, 540 U.S. 526 (2004). That case has nothing to do with the *Price Waterhouse* analysis, or

this case. There an attorney had been appointed to represent the debtor in a Chapter 11 bankruptcy, but the case was converted into Chapter 7 liquidation, which terminated the attorney's appointment. *Id.* 531-32. The Court held that the attorney was not entitled to compensation for work on the debtor's behalf *after the Chapter 7 conversion*. *Id.* By the logic of that decision, Dilworth should be entitled to compensation on behalf of all four Debtors, until its appointment as Debtors' counsel to the Trusts was terminated by this Court.

Third, Lehigh contends that the Bankruptcy Court's appointment of Dilworth as the Trusts' attorney was not terminated but "vacated," and therefore was "void ab initio." Lehigh's Mot. at 13 (quoting *Hewitt v. United States*, 606 U.S. 419, 431 (2025)). Thus, Dilworth supposedly was "never authorized to represent both the Trusts and the Manor Debtors[.]" *Id.* But the relevant question is not the abstract "definition of 'vacate.'" *Rushton Mining Co. v. Morton*, 520 F.2d 716, 719 (3d Cir. 1975). The question is what "Congress intended to provide" *in the statute*. *Id.* Like the statute in *Morton*, there is no indication in the text of Section 328(c) that it "presupposes, sub silentio, the issuance of a valid [appointment] order." *Id.* As the Seventh Circuit aptly noted, Section 328(c) on its face "does not require that the professional person be *validly* employed under" Section 327(a), and a "reviewing court may not insert additional language into the Code to conform it with the court's view of the bankruptcy law." *Crivello*, 134 F.3d at 837 (emphasis in original).

In short, the Third Circuit's well-reasoned and considered analysis in *Price Waterhouse* establishes that in this Circuit a professional may be entitled to compensation under 11 U.S.C. §§ 330 and 331, even where the professional was appointed by the Bankruptcy Court in error. There is no need for interlocutory appellate review to resolve this.

True, the Sixth Circuit disagreed with the Third Circuit's analysis in *In re Federated Department Stores, Inc.*, 44 F.3d 1310, 1319-20 (6th Cir. 1995), but, contrary to Lehigh's assertions, a decision by another Circuit that is contrary to a Third Circuit decision does not create a basis for interlocutory appeal to this Court. And, notably, the Sixth Circuit, like the Seventh Circuit, did not suggest that the Third Circuit's analysis in *Price Waterhouse* was dicta.

Lehigh also wrongly asserts that decisions within this Circuit are "conflicting." Lehigh's Mot. at 21. Both *In re Witchey Enterprises*, 2024 WL 2827928 (3d Cir. Jun. 4, 2024), and *In re American Metallurgical Products, Co.*, 228 B.R. 146 (W.D. Pa. 1998), cited by Lehigh, recognize that a court has discretion under Section 328(c) to award compensation to a professional appointed pursuant to Section 327, notwithstanding that the professional is deemed to be interested or disqualified. *See Witchey*, 2024 WL 2827928 at *3; *Am. Metallurgical Prods.*, 228 B.R. at 160-61. The former decision simply upholds a discretionary decision not to award compensation while the latter decision allows compensation. This is not a

conflict. It is merely an example of discretion being exercised in different ways in different circumstances, which is hardly surprising.

In sum, Lehigh has failed to demonstrate an absence of controlling authority or a conflict in decisions in this Circuit that could justify interlocutory appeal of the Bankruptcy Court's interim award of compensation to Dilworth.

## III. There Are no Exceptional Circumstances to Warrant Immediate Appeal and Immediate Appeal will not Materially Advance the Ultimate Termination of These Bankruptcy Cases

Lastly, Lehigh is wrong that there are "exceptional circumstances" here to warrant immediate review, and wrong in contending that immediate appeal will in any way advance the resolution of these cases.

First, Lehigh correctly says that "materially advanc[ing] the ultimate termination of the litigation" means "expedit[ing] a decision on confirmation of the Debtors' proposed plan[.]" Lehigh's Mot. at 22 (quoting *In re Phila. Newspapers*, 418 B.R. 548, 557 (E.D. Pa. 2009)). But Lehigh does not explain how an immediate appeal of a single interim fee award will expedite ultimate confirmation of any debtor's proposed plan. And Lehigh ignores the fact that appellate proceedings, including not only the pending argument on the dismissal of the Trusts' bankruptcy cases, but also a companion motion from Lehigh seeking leave to appeal the Bankruptcy Court's U&O Order currently before this Court, must also be resolved before any plan confirmation process can move forward.

Second, and relatedly, Lehigh correctly says that the issues it seeks to appeal will not affect "subsequent fee requests" by Dilworth. Lehigh's Mot. at 23. But, for precisely this reason, there is no need to resolve these issues now. All interim fee applications in these cases are subject to final approval by the Bankruptcy Court at the appropriate time.

Third, Lehigh says that it should not have to wait until Dilworth files its final fee application to appeal the Bankruptcy Court's ruling. *Id.* But simply being forced to wait until a final fee application is not an "exceptional circumstance" that could justify immediate review. *See Culp*, 550 B.R. at 695. If it were, any and all interim fee awards would warrant immediate review.

Fourth, Lehigh says that an immediate appeal "will avoid disgorgement proceedings." Lehigh's Mot. at 24. But, again, that could be said about any interim fee award. This too is not an exceptional circumstance warranting immediate review.

## CONCLUSION

For all these reasons, the Court should deny Lehigh's motion for leave to immediately appeal the Bankruptcy Court's approval of Dilworth's first interim fee request.

Respectfully submitted,

/s/ Michelle V. Lee
Lawrence G. McMichael
Anne M. Aaronson
Michelle V. Lee
Stephen A. Fogdall
1650 Market Street, Suite 1200
Philadelphia, PA 19103
Tel.: (215) 575-5000
lmcmichael@dilworthlaw.com
aaaronson@dilworthlaw.com
mlee@dilworthlaw.com
sfogdall@dilworthlaw.com
*Counsel to Whitehall Manor, Inc. and Saucon Valley Manor, Inc.*

## CERTIFICATION OF COMPLIANCE WITH FEDERAL RULE OF BANKRUPTCY PROCEDURE 8015(A)(5)–(A)(7)

The undersigned attorney certifies that this brief complies with the type-volume and typeface limitations in Federal Rule of Bankruptcy Procedure 8015(a)(5)–(a)(7) because this brief contains 2,871 words, excluding the parts of the brief exempted by Rule 8015, and because it has been prepared in a proportionally spaced 14-point font.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

/s/ Michelle V. Lee
Michelle V. Lee

## CERTIFICATE OF SERVICE

I, Michelle V. Lee, hereby certify that on November 11, 2026, I caused the foregoing *Response of Whitehall Mannor, Inc. and Saucon Valley Manor, Inc. in Opposition to Lehigh Valley 1, LLC's Motion for Leave to Appeal Pursuant to 28 U.S.C. § 158(a)(3)* to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to all CM/ECF users in this case.

/s/ Michelle V. Lee
Michelle V. Lee